**UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE:<br><br>Alan Todd Hunnicutt,<br><br>Debtor. | C/A No. 11-04092-DD<br><br>Chapter 7<br><br>**ORDER AVOIDING JUDICIAL LIEN** |

This matter is before the Court on a Motion to Avoid Judicial Lien of Joshua Ryan Drennan ("Motion") filed on June 29, 2011 by Alan Todd Hunnicutt ("Debtor"). An Objection to Debtor's Motion was filed by Joshua Ryan Drennan on July 22, 2011. A hearing was held on August 17, 2011. Following the hearing, the Court took the matter under advisement. After further consideration of the issues, the Court makes the following Findings of Fact and Conclusions of Law.

**FINDINGS OF FACT**

Debtor filed for chapter 7 relief on June 29, 2011. Debtor's Schedule D indicates that he has $136,881.83 in secured debt, and Schedule F shows $143,728.16 of unsecured debt. Debtor lists two properties on his Schedule A. Debtor has a fee simple interest in property located in Columbia, South Carolina, which he uses as his residence. Debtor also has a one-third remainder interest in a house and lot located in Kinards, South Carolina.

Debtor owned and operated an Internet business, Motion Forward Technologies, Inc. ("Motion Forward"), from January 2001 to June 2005. Mr. Drennan was an employee of Debtor's business in 2002. Mr. Drennan commenced an action for breach of contract against both Debtor and Motion Forward in the South Carolina Court of Common Pleas in 2007, alleging Debtor failed to pay him $5,158.12 in wages earned during his employment. The Court of Common Pleas found in Mr. Drennan's favor, piercing the corporate veil and finding Debtor

and Motion Forward jointly and severally liable to Mr. Drennan.  The Court of Common Pleas awarded Mr. Drennan a judgment in the amount of $21,814.10, representing actual unpaid wages, treble damages, attorneys' fees, and allowable costs.

Debtor seeks to avoid Mr. Drennan's lien, as well as two other judgment liens, under 11 U.S.C. § 522(f)(1)(a).  No response to Debtor's Motions to Avoid Judicial Liens as to the other two judgment liens was received, and, being properly avoidable, those Motions were granted. Debtor estimates the value of his residence in Columbia, South Carolina at $130,000 and claims an exemption in the property of $58,725, which includes the maximum allowable homestead exemption plus $5,350, representing the unused portion of Debtor's motor vehicle exemption. *See* S.C. Code § 15-41-30(A)(7).  Debtor's Schedule D lists a mortgage and two other judgment liens on Debtor's residence.  Together, these other liens total $102,877.73.  Mr. Drennan's lien is the most junior of all liens on the property.  The parties do not dispute the property value or the amount of senior liens.  Mr. Drennan's Objection aside, based on these numbers, Mr. Drennan's lien is properly avoidable.

## **CONCLUSIONS OF LAW**

Mr. Drennan argues that Debtor's obligation to him is nondischargeable under section 523(a)(4) and 523(a)(6).  As a result, Mr. Drennan argues, his lien on Debtor's residence cannot be avoided under section 522(f).  In his Objection, Mr. Drennan presents an argument as to why his debt is nondischargeable, but does not offer any support for his assertion that the underlying debt's nondischargeability prevents avoidance of his lien.  Debtor responded at the hearing that the dischargeability of a debt is independent of a debtor's ability to avoid liens; therefore, even if the underlying debt is nondischargeable, a debtor is not prevented from avoiding the lien under section 522(f).  Debtor also contests the dischargeability issue.

>Section 522(f) provides:
>
>Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is – (A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5).

"Judicial lien" is defined in the Bankruptcy Code as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(36). Mr. Drennan's lien clearly meets this definition. In 2007, Mr. Drennan obtained a judgment against Debtor for unpaid wages. This judgment was obtained through a legal proceeding in the South Carolina Court of Common Pleas. As such, Mr. Drennan's lien meets the definition of "judicial lien" set forth in section 101(36) and is subject to avoidance under section 522(f). *See In re Railing*, No. 10-37540, 2011 WL 3321169, at *5 (Bankr. N.D. Ohio Aug. 2, 2011) ("Ms. Chandler's lien arose as the result of the entry of a judgment in a legal proceeding. Thus, as a purely factual matter, there is no reason to conclude[d] [sic] that the lien held by Ms. Chandler against the Debtors' rental property does not qualify as a 'judicial lien' for purposes of § 522(f)(1).").

Courts have routinely held that the avoidability of a lien is not affected by the dischargeability of the underlying debt. *Railing*, 2011 WL 3321169, at *6 ("[M]atters of discharge and lien avoidance are not dependent on the other. As [sic] result, the Debtors would be entitled to avoid Ms. Chandler's lien, regardless of the character of the underlying debt.") (citations omitted); *In re Vizard*, 327 B.R. 515, 518 (Bankr. D. Mass. 2005) ("It is well settled that a debtor may avoid a judicial lien for a debt that is otherwise nondischargeable (i.e., for a student loan or for fraud) to the extent it impairs an exemption") (citations omitted); *In re Slater*, 188 B.R. 852, 857 (Bankr. E.D. Wash. 1995) ("[B]ecause 11 U.S.C. 522(c) specifically

enumerates certain non-dischargeable pre-petition debts for which exempt property is liable, Congress clearly intended the avoidance powers of 522(f) be used to avoid judicial liens on exempt property secured by non-dischargeable debts NOT specifically protected by section 522(c).");[1] *In re Ash*, 166 B.R. 202, 204 (Bankr. D. Conn. 1994) (citing numerous cases holding that dischargeability and lien avoidance are independent considerations). One bankruptcy court in this Circuit has stated, "If a judgment lien is fixed on what would otherwise be a nondischargeable debt, the debtor may not avoid such lien." *In re Coffman*, 52 B.R. 667, 670 (Bankr. D. Md. 1985). However, that case dealt with a debt under section 523(a)(5), which relates to domestic support obligations and implicates section 522(c), which is not applicable here. As such, *Coffman* is not instructive or relevant in the present case. Based on the overwhelming authority that a lien may be avoided despite the nondischargeability of the underlying debt, the Court finds that the alleged nondischargeability of Mr. Drennan's debt is immaterial to a determination of his lien's avoidability.

Mr. Drennan did not put forth any additional arguments in support of his contention that his lien should not be avoided, but instead relied solely on his nondischargeability argument. Because Mr. Drennan's lien is properly avoidable and because Mr. Drennan presented no prevailing argument that his lien should not avoided, Debtor is entitled to avoid Mr. Drennan's judicial lien. If Mr. Drennan wishes to further contest the nondischargeability of Debtor's obligation to him, he should, as discussed at the hearing on Debtor's Motion, file an adversary proceeding.

---

[1] Section 522(c) provides that exempt property is not liable during or after the case for any debts that arose pre-petition, except in certain circumstances enumerated in that subsection. None of those exceptions are applicable here.

## **CONCLUSION**

For the reasons set forth above, Debtor's Motion is granted. Mr. Drennan's judicial lien is avoided pursuant to section 522(f)(1)(a).

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**08/23/2011**



Entered: 08/23/2011

*signature*

David R. Duncan
US Bankruptcy Judge
District of South Carolina